**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge GONZALEZ–CHAVARIN, Defendant–Appellant.**

No. 00–50678.

D.C. No. CR–00–01847–HBT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2001.

Decided Aug. 1, 2001.

Before RYMER and RAWLINSON, Circuit Judges, and POGUE,* Judge.

### MEMORANDUM **

Jorge Gonzalez–Chavarin ("Gonzalez–Chavarin") appeals his sentence and judgment after conditionally pleading guilty to the transportation of illegal aliens, in violation of 18 U.S.C. § 1324(a)(1)(A)(ii).

The district court properly denied Gonzalez–Chavarin's motion to suppress the fruits of the Border Patrol Agents' investigatory stop, as the stop was based on reasonable suspicion. *See United States v. Olafson*, 213 F.3d 435, 439–40 (9th Cir.) *cert. denied* 531 U.S. 914, 121 S.Ct. 269, 148 L.Ed.2d 195 (2000)(observing heavy-laden appearance of van could support reasonable suspicion that it contained illegal aliens when viewed in light of other available evidence); *see also United States v. Garcia–Barron*, 116 F.3d 1305, 1308 (9th Cir.1997) (holding reasonable suspicion existed when persons in the van ducked "out of sight, apparently hiding"; the van was in an area and at a time known by officers to be used by alien smugglers to avoid a checkpoint; and was rented from the same agency as another vehicle suspected of being a scout vehicle).

The district court also did not err in sentencing Gonzalez–Chavarin. The district court's interpretation of the United States Sentencing Guidelines ("U.S.S.G.") is reviewed de novo and its factual findings underlying the sentence are reviewed for clear error. *See United States v. Dixon*, 201 F.3d 1223, 1233 (9th Cir.2000).

The district court properly imposed a sentencing enhancement under U.S.S.G.

---

\* The Honorable Donald Pogue, Judge for Court of International Trade, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 2L1.1(b)(5) for intentionally or recklessly creating a substantial risk of death or serious bodily injury. The van was substantially overcrowded, as the back seats were removed and thirteen aliens were on the van floor unrestrained. *See United States v. Hernandez–Guardado*, 228 F.3d 1017, 1027–28 (9th Cir.2000) (holding that a § 2L1.1(b)(5) enhancement was properly applied when aliens were transported in an overcrowded van without seats, and some were lying unrestrained on the floor).

■ The district court also properly refused to apply a two-level downward adjustment under U.S.S.G. § 3B1.2 based on Gonzalez–Chavarin's allegedly minor role in the offense. Gonzalez–Chavarin did not show by a preponderance of the evidence that he, as the driver of the van, was substantially less culpable than his average co-participants, given the importance of transportation and the number of individuals for whom he took responsibility. *See United States v. Hernandez–Franco*, 189 F.3d 1151, 1160 (9th Cir.1999) *cert. denied* 530 U.S. 1206, 120 S.Ct. 2203, 147 L.Ed.2d 237 (2000) (denying minor role reduction for driver of truck containing large number of illegal aliens, even though evidence did not indicate that the driver was involved in any of the other smuggling arrangements).

As all of the above assignment of errors alleged by Gonzalez–Chavarin are without merit, both his conviction and sentence imposed by the district court are AFFIRMED.

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.